

RECEIVED

MAY 2 2 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**M.D. (a minor child)**
**and (Melodie Shuler)** as parent and next friend of M.D., a minor child)
2447 Drake Street
Richmond, VA 23234

**Plaintiff,**

v.

**Action No:** 3: 13cv329

**SCHOOL BOARD OF THE CITY OF RICHMOND**

**Serve:** Angela C. Lewis
      School Board of the City of Richmond
      301 North Ninth Street
      Richmond, VA 23219-1927

**SHELETA CREWS**
**Individual and official capacities**
Summer Hill elementary school
2717 Alexander Avenue
Richmond, VA 23234

**RAYMOND BOWSER**
**Individual and official capacities**
Summer Hill elementary school
2717 Alexander Avenue
Richmond, VA 23234

**Defendants.**

**<u>COMPLAINT and REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION</u>**

Come the Plaintiff and for cause of action would state as follows:

## I. INTRODUCTION

This action arise under the discrimination based on race in violation of the Title VI of the

Civil Rights Act of 1964 and Title IX and Title IV – discrimination based on perceived sexual

orientation; under federal law, breach of contract and gross negligence.

1

## II.    JURISDICTION AND VENUE

1.  This court has jurisdiction over the subject matter issues pursuant to Title VI of the Civil Rights Act of 1964 and Title IX and Title IV.

2.  The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3.  Plaintiff at all times during the incidents described in this cause of action was a resident of the City and State of Richmond, Virginia.

4.  All of the defendant's were employees of the state Virginia during the incidents described in this cause of action.

## III.    PARTIES

5.  The Plaintiff, M.D., is a resident of the City and State of Richmond Virginia and was a student enrolled at Summer Hill elementary school a public school located in Richmond, Virginia from on or about January 8, 2013 to April 29, 2013; until he was enrolled in Bellevue elementary school another public school located in Richmond, Virginia.

6.  The CITY OF RICHMOND (School Board) is the political subdivision of the City of Richmond, in charge of establishing and implementing policies, practices, procedures, and customs to prevent and stop bullying and harassment of students enrolled in city of Richmond public school and for the supervision, training and monitoring of the defendant', Sheleta Crews, the principal and Raymond Bower, the assistant principal, both who served as the Principal and Assistant Principal at Summer Hill elementary school at all times during the incidents complained of in this instant complaint.

7.  The defendant, SHELETA CREWS, was the principal at Summer Hill elementary school at all times during the incidents complained of in this complaint.

8.  The defendant, RAYMOND BOWSER, was the assistant principal at Summer Hill

2

elementary school at all times during the incidents complained of in this complaint.

## IV.    FACTS

9.  The Plaintiff, M.D., at the time of the complaint was a six year old, African-American

child was subjected to persistent bullying and harassment from February of 2013 until April of

2013 by other students at a Summer Hill Elementary school a Richmond City Public School

based on his race and perceived sexual orientation.

10. The conduct of the other children was not just minor teasing but consisted of racial

epithets and profanity; which included calling the Plaintiff a "nigger," "bitch, "motherfucker."

11. On April 10, 2013 the Plaintiff was pointed to by a male, Hispanic student and a called

by another student, "his little monkey" to other students in the Plaintiff's presence.

12. The Plaintiff was also repeatedly called gay; even though he is not gay he was perceived

to be based on perceived notions that an intelligent boy who is not aggressive, does not want to

fight and have interest beyond the mental capacity of most children does not have the qualities of

a normal boy.

13. The abuse became so severe and emotionally damaging that the child for several days

complained of being sick at school but once home felt perfectly fine.

14. Then for weeks complained of being sick and therefore unable to go to school and lastly

after being subjected to racial epithets stated that he could no longer attend school because the

school made him sick.

15. On April 13, 2013, the Plaintiff informed his mother that something in the school was

making him sick so he wanted to be home schooled.

16. On, April 15, 2013, the Plaintiff whined and cried about having to go to school and stated

that he was too sick to attend school.

17. The offending students conducted created a hostile environment at school for the

Plaintiff; which infringed on the rights of the victim Plaintiff at school.

18. From February of 2013 to April of 2013, the Plaintiffs' mother and father repeatedly visited the school to address the concerns of the minor child being subjected to repeatedly bullying.

19. The Plaintiff's parents also repeatedly ask that the children who subjected the minor child to bullying be punished. On or about March 29, 2013, assistance vice principal Raymond Bowser informed Ms. Shuler, the plaintiff's mother, that he could only punish the children within the limits of the authority given to him and that he did so and he could not control the children.

20. The Vice Principal and Principal of the Plaintiff's school were not able to articulate in any bullying prevention programs, plans, policies or practices applicable to the school when requested for an explanation by the Plaintiff's mother of what was in placed to prevent or stop t he bullying and harassment endured by the Plaintiff.

21. From March to April of 2013, the Plaintiff's mother repeatedly call the school requesting information about policies and practices of the school but was told by the assistance principal, Raymond Bower that he did not have a copy of the information.

22. The Plaintiff's mother attempted to reach the Board of Education to obtain a copy of the policies of procedures for discipline of children for bullying. But finally, the parents received a copy on April 15, 2013 from Sheleta Crews, principal of Summer Hill elementary school the same day the Plaintiff was withdrawn from the school.

23. When the school employees were notified by the Plaintiff or his parents of the bullying and harassment suffered by the Plaintiff the school employees did not discipline the students who subjected the plaintiff to bullying by verbal abuse, stalking, physical assaults, theft of property, and taunting while the Plaintiff was present to other children suitable for the alleged offense.

24. The school employees were notified by the Plaintiff or his parents the school employees not discipline the students who subjected the plaintiff to bullying by verbal abuse, stalking, physical assault, theft of property, and taunting while the Plaintiff was present to other children

because the School Board employees believed that merely speaking with the offending children was suitable for the alleged offense.

25. On April 11, 2013 the Plaintiff's mother called the school officials and stated that she was disappointed that the Plaintiff was subjected to repeated bullying and harassment at Summer Hill elementary school and that was done other than merely speaking with the children and that speaking with the children was not considered doing any at all to the Plaintiff's mother.

26. The Plaintiff's mother also informed the school that her child was being called a "nigger" and was taunted by a male, Hispanic student when the offending student pointed at the plaintiff and told other students, "Look at my little monkey."

27. The Plaintiff's mother telephone was never returned by the school officials.

28. Eventually the Plaintiff on or about April 15, 2012 became so stressed out and traumatized after repeatedly being bullied and harassed without any little if any intervention from the staff at the school that the Plaintiff cried and stated that he could no longer attend the school because something in the school made him sick.

29. It was then that the Plaintiff's mother withdraw the Plaintiff from the school specifically after the principal, Sheleta Crews failed to discipline or even speak with the minor child who called the plaintiff's "niggers, bitches, motherfuckers, and pointed at the plaintiff and told other students, "Look at my little monkey;" after she promised the Plaintiff she would do so on or about April 11, 2012.

30. Ms. Crews stated to the Plaintiff's parents who visited the school on April 10, 2013 that she would deal with the issue later that day, after the Plaintiff's parents left the school building because the kids were testing.

31. This was stated by Ms. Crews after the assistance Vice Principal Raymond Bowser failed to do anything about the bullying and harassment involving the child who called the Plaintiff, niggers, bitches, motherfuckers and little monkey from on or about March 29, 2013 to April 10, 2013.

32. However, after the Plaintiff's parents left the school at no time did Ms. Crews

5

address the harassment and bullying issue leaving the vulnerable plaintiff in the same

predicament to be harassed and bullied.

33. On April 12, 2013, after being informed by M.D. that Ms. Crews did not investigate his

allegations the plaintiff mother called Ms. Crews and she verified that she did nothing to

investigate the harassment and bullying.

34. After the Plaintiff's mother withdrew the plaintiff from school on or about April 15,

2013, the plaintiff meet with a bullying specialist on or about April 17, 2013.

35. The bullying specialist informed the Plaintiff's mother that he should have been called

earlier to address the issues the Plaintiff faced.

36. The bullying specialist advised that M.D. be re-enrolled back into Summer Hill

elementary school.

37. After a meeting with the Principal the bullying specialist advice the parents of M.D. that

the principal, Sheleta Crews would contact them about a plan to prevent and stop the bullying

and harassment of M.D.

38. Sheleta Crews never called parents of M.D. about a plan to prevent and stop the bullying

and harassment of the plaintiff, M.D.

39. The Plaintiff was enrolled in Bellevue elementary on or about April 29, 2013 after

speaking with Harry Morgan of pupil placement.

40. After being enrolled in Bellevue elementary school the Plaintiff, on or about April 30,

2013 was so traumatized by the previous experience at Summer Hill elementary school that he

initially refused to enter the classroom with the other children, looked extremely scared and had

to be coached by both his parents to enter the classroom accompanied by his father who stayed a

little while with the plaintiff.

41. However, before being bullied and harassed by students at Summer Hill elementary, the

Plaintiff was never scared of other children or feared enter a classroom with students to the

extent as the refusal to enter the classroom at Bellevue Elementary School.

<b><u>Count I</u></b>

<b><u>Discrimination based on Race in violation of the Title VI of the Civil Rights Act of 1964</u></b>

42. Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1
41 of this complaint.

43. The Plaintiff alleges violation of Hostile Work Environment law applied to the Plaintiff
while he attended Summer Hill elementary school, a Richmond City public school.

44. The Plaintiff alleges that the school failed to protect him from mistreatment under
certain circumstances when the City of Richmond district officials, principal Sheleta Crews and
assistant principal Raymond Bowser failed to act on charges of discrimination, bullying and
harassment by other students upon the Plaintiff when the students committed violations under
this law when the commit offenses resulted in a Hostile Work (School) Environment.

45. The Plaintiff was subjected to verbal abuse from January 2013 to April 2013 while being
transported by the city of Richmond public school bus and while inside of the school building,
Summer Hill elementary school located in the city of Richmond and is a Richmond public
school.

46. The type of hostile behavior exceeding normal student to student interaction in that the
students subjected the plaintiff to bullying by verbal abuse, stalking, physical assaults, theft of
property, and taunting while the Plaintiff was present to other children.

47. Bullying by verbal abuse, stalking, physical assault, theft of property, and taunting while
the Plaintiff was present to other children should not occur in the school environment.

48. On April 3, 2013, the Plaintiff was subjected to verbal abuse by a male, Hispanic student
which included racial epithets – the Plaintiff was called a nigger by the student when the student
kept stalking the Plaintiff and the Plaintiff finally asked the male, Hispanic student to stop
following him.

49. On April 3, 2013 the Plaintiff's father told the male, Hispanic student's mother that her

7

son called the Plaintiff a "nigger." The male, Hispanic student denied the allegation. But the male, Hispanic student's sister who was present when the statement was made confirmed that the male, Hispanic student did call the Plaintiff a nigger. The male, Hispanic student mother disciplined him in front to the Plaintiff and the Plaintiff's father by hitting the male, Hispanic student.

50. On April 3, 2013, the Plaintiff's mother called Summer Hill elementary school and spoke the Vice Principal . The Plaintiff's mother told Mr. Browser that the plaintiff was called a "nigger" and that she was wanted the child to be disciplined and that merely speaking with the child was not in her opinion sufficient punishment.

51. The Plaintiff's mother also complained to Mr. Browser on March 28, 2013 that the Plaintiff was experience severe stress from being bullied and harassed at school and that more should be done to prevent the bullying and harassment other than merely speaking with the other students because it was not working.

52. On March 28, 2013, Vice Principal Mr. Browser stated that he was doing all that he could, he could not control the students and that was the students parents responsibility. The Plaintiff's mother stated that while on school grounds or the bus the school officials must control the students and prevent the Plaintiff from being bullied or harassed.

53. The Plaintiff's mother also stated that a policy must exist for the offending student to be subject to punished beyond mere talking and that subsequent offenses should include more stringent forms of punishment. But the Vice Principal disagreed and stated that he is doing what he knows how to do as a Vice Principal.

54. The Vice Principal told the Plaintiff's mother that he would speak with the Plaintiff to determine the offending child in order to discipline the offending child.

55. On March 29, 2013, the day before Spring Break started the Plaintiff returned home from school and the Plaintiff's mother asked the Plaintiff if he had spoken with the Vice Principal about the offending child. The Plaintiff stated, "No."

56. On April 8, 2013, the day after Spring Break the Plaintiff returned home from school and

8

the Plaintiff's mother asked the Plaintiff if he had spoken with the Vice Principal about the

offending child. The Plaintiff stated, "No," again.

57. On April 9, 2013, the second day after Spring Break the Plaintiff returned home from

school and the Plaintiff's mother asked the Plaintiff if he had spoken with the Vice Principal

about the offending child. The Plaintiff stated, "No," again.

58. On April 10, 2013, the Plaintiff's father called the Plaintiff's mother and stated that not

only did the same male, Hispanic student call the Plaintiff a "nigger" again. The male,

Hispanic called the Plaintiff a "bitch" and a "motherfucker." The male, Hispanic child also

went around to the other students while pointing and the Plaintiff and saying, "Look at my

little monkey."

59. On April 11, 2013, the Plaintiff and his parent visited Summer Hill elementary school

and first spoke with the assistance principal. Mr. Bowser admitted that he did not discipline the male,

Hispanic child other than speaking with him.

60. On April 11, 2013, the Plaintiff's mother than demanded to speak with the Principal. Ms.

Spoke with the Principal who assured the parent that she would ask the Plaintiff to point out the

offending student, the male, Hispanic child so the child could be disciplined.

61. On  April 11, 2013 the Principal stated that she would find out who the child was

immediately but the students were testing.

62. When the plaintiff's parents walked the Plaintiff's class the Plaintiff and his father

pointed out the student pointed offending, male student to Plaintiff's mother.

63. The Plaintiff's father went to the Vice Principal and told him that the offending student,

the male, Hispanic student  was present at school that day and was just seen in his classroom.

64. On April 11, 2013, the Plaintiff came home and told his father that the Principal did not

ask the Plaintiff to point out the offending student, the male, Hispanic child so the child could be

disciplined as she assured the parent.

65. On April 12, 2013, the Principal , of Summer Hill elementary stated that she did not

speak with the Plaintiff to discipline the male, Hispanic child on April 11, 2013 but that she

planned on speaking with the Plaintiff on April 12, 2013 but the Plaintiff was absent from

school. Ms. Asked the Plaintiff's mother if the Plaintiff was returning to school on Monday,

April 15, 2013.

66. On April 17, 2013, the Plaintiff's mother failed to receive a telephone call from the

principal of Summer Hill elementary after the bullying specialist stated on or about April 15,

2013 that he spoke to the principal and she would call the Plaintiff's parents to discuss a plan to

deal with the bullying.

67. The Plaintiff's mother visited the school and the principal had no rational explanation for

failing to contact the parents of the plaintiff about the new plan.

68. The Plaintiff's mother called the school board representative who refused to return

telephone calls and persisted on email exchanges only.

69. The Plaintiff's mother also repeatedly call the Richmond City Public Schools

Administrative offices and no call was returned from on about March 28, 2013 to April 12, 2013;

even after it was promised that Dr. Williams would make a return call.

70. For over two weeks Dr. Williams failed to make a return call to the Plaintiff's

parents.

71. The Plaintiff's mother finally reached an employee in the Pupil Placement

department, Harry Morgan and the Plaintiff was transferred to Richmond City Public School

Bellevue Elementary on or about April 29, 2013.

72. When the school employees were notified by the Plaintiff or his parents the school

employees did not discipline the students who subjected the plaintiff to bullying by verbal abuse,

stalking, physical assault, theft of property, and taunting while the Plaintiff was present to other

children suitable for the alleged offense.

73. The school employees were notified by the Plaintiff or his parents the school

employees did not discipline the students who subjected the plaintiff to bullying by verbal abuse,

stalking, physical assault, theft of property, and taunting while the Plaintiff was present to other

children believed that merely speaking with the offending children was suitable for the alleged offense.

74. The school is deliberately indifferent to the harassment and failed to investigate and follow up on some of the alleged bullying and harassment and the mere speaking with the children they choose to investigate and follow up did nothing to stop the bullying and harassment because the bullying and harassment continued for a month after the report after the report of the first incident.

75. The school officials and the City of Richmond are liable because (1) The plaintiff is a member of statutorily protected class race; African-American, (2) The peer harassment is based upon the protected class as M.D., the plaintiff is, an African-American, (3) The harassment is severe, pervasive and objectively offensive to the point where M.D. suffered deliberating stress resulting in physical ailments and psychological tramua, (4) A school official with authority to address the harassment has actual knowledge of it the School Board, the School Administrative office employees, Principal Sheleta Crews and Assistant Principal Raymond Bowser, (5) The school were deliberately indifferent to the harassment.

76. Further, the City of Richmond employees have know for over five years that the students at Summer Hill elementary were subjected to illegal bullying due to the rise in the Hispanic enrollment yet failed to adequately take steps to prevent the bullying and prevent the plaintiff from enduring the horrible experience of bullying and racial harassment. The school district engaged in a practice, custom and pattern of deliberately being indifferent to the needs of the students knowing that a racially hostile environment existed but did nothing to protect students or M.D.

77. Further, there has been no training or supervision of employees including the Vice Principal and Principal of how to properly prevent and handle bullying and harassment of students.

11

78.    The bullying prevention policy alleged to be in effect is not effective because if fails to educate students, parents, and school district or non-public, non-sectarian elementary or secondary school personnel about what behaviors constitute prohibited bullying.

79.    The School district should educate students, parents and employees that Bullying on the basis of actual or perceived race, color, religion, sex, national origin ancestry, age, marital status, physical or mental disability, military status, sexual orientation, gender-related identity or expression, unfavourable discharge form military service, association with a person or group with one or more of the aforementioned actual or perceived characteristics, or any other distinguishing characteristic is prohibited in all school districts.

80.    Further, the discipline procedures of merely speaking to children about their conduct is not effective and punishments for harassment in other school districts with effective bullying prevention policies range from detention to suspension from school for 10 days.

81.    Students and teachers alike are entitled to a safe educational environment and the Plaintiff was denied a safe educational environment and seeks to be compensated for his damages resulting from being subjected to bullying by the repeated use by one or more students of a written, verbal or electronic expression or a physical act or gesture or any combination thereof, directed at the Plaintiff eventually caused physical or emotional harm to the Plaintiff as he would state while at school he was sick and had to go the nurse office and then his parents were called to pick him up from school, next he would state while putting on his cloths for school that he was too sick to attend school and lastly he indicated that he could not attend school because something in the school was making him sick  and damage to the plaintiff's property and physical assaults placed the victim in reasonable fear of harm to himself or of damage to his property. The plaintiff continues to suffer from extreme emotional distress as the result of being bullied and harassed while attending Summer Hill elementary school.  Further the

12

Plaintiff seeks punitive damages from Principal Sheleta Crews and Assistant Principal Raymond Bowser.

## Count II

### Title IX and Title IV – Discrimination Based On Perceived Sexual Orientation

82.     Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1 – 81 of this complaint.

83.     The Plaintiff was subjected to constant harassment based on perceived sex and sexual orientation causing him to be subjected to forms of sex discrimination recognized under Title IX from January 2013 to April 2013 when he was routinely called names by other students while attending Summer Hill elementary school because he did not conform to masculine stereotypes and because of his sex.

84.     The Plaintiff was also repeatedly called gay; even though he is not gay he was perceived to be based on perceived notions that an intelligent boy who is not aggressive, does not want to fight and have interest beyond the mental capacity of most children does not have the qualities of a normal boy.

85.     The harassment based on his non-conformity to gender stereotypes was severe, pervasive or persistent and created a hostile environment at his school because the bullying and harassment was sufficiently serious that it interfered with and limited the Plaintiff's ability to participate in or benefit from the services, activities, or opportunities offered by a school because the Plaintiff became so emotionally damaged that he no longer wanted to attend school and even the thought of school caused him to feel sick.

86.     Students and teachers alike are entitled to a safe educational environment and the Plaintiff was denied a safe educational environment and seeks to be compensated for his damages resulting from being subjected to bullying by the repeated use by one or more students

13

of a written, verbal or electronic expression or a physical act or gesture or any combination

thereof, directed at the Plaintiff eventually caused physical or emotional harm to the Plaintiff as

he would state while at school he was sick and had to go the nurse office and then his parents

were called to pick him up from school, next he would state while putting on his cloths for

school that he was too sick to attend school and lastly he indicated that he could not attend

school because something in the school was making him sick  and damage to the plaintiff's

property and physical assaults placed the victim in reasonable fear of harm to himself or of

damage to his property.  The plaintiff continues to suffer from extreme emotional distress as the

result of being bullied and harassed while attending Summer Hill elementary school.  The

Plaintiff seeks punitive damages from Principal Sheleta Crews and Assistant Principal Raymond

Bowser.

## Count III
## Negligence Count Gross Negligence

87.     Plaintiff re-alleges and incorporate by reference the allegations set forth in

paragraphs 1 – 86 of this complaint.

88.     The City of Richmond district officials, principal Sheleta Crews and assistant

principal Raymond Bowser were aware of the bullying and harassment students and the Plaintiff

endured at Summer Hill elementary but did nothing to adequately prevent the bullying and

harassment resulting in  "willful and wanton" standard injuries upon the Plaintiff arising out of

the school district on employee failure.  The liability of City of Richmond district officials,

principal Sheleta Crews and assistant principal Raymond Bowser City of Richmond district

officials, principal Sheleta Crews and assistant principal Raymond Bowser does attach based on

the willful and wanton misconduct.

89.     Students and teachers alike are entitled to a safe educational environment and the

Plaintiff was denied a safe educational environment and seeks to be compensated for his

damages resulting from being subjected to bullying by the repeated use by one or more students of a written, verbal or electronic expression or a physical act or gesture or any combination thereof, directed at the Plaintiff eventually caused physical or emotional harm to the Plaintiff as he would state while at school he was sick and had to go the nurse office and then his parents were called to pick him up from school, next he would state while putting on his cloths for school that he was too sick to attend school and lastly he indicated that he could not attend school because something in the school was making him sick and damage to the plaintiff's property and physical assaults placed the victim in reasonable fear of harm to himself or of damage to his property. The plaintiff continues to suffer from extreme emotional distress as the result of being bullied and harassed while attending Summer Hill elementary school. Further the Plaintiff seeks punitive damages from Principal Sheleta Crews and Assistant Principal Raymond Bowser.

## Count IV
## Breach of Contract

90.     Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1 – 89 of this complaint.

91.     The City of Richmond provides standards, policies and procedures in which the parents and children attending the public school must fulfill in order to have children attend public school in an safe and educational.

92.     When the plaintiff's enrolled their minor son in the City of Richmond public schools, the parents expected that the City of Richmond would hold up its end of the bargain and provide an safe and educational environment for the Plaintiff.

93.     However, the City of Richmond failed to provide a safe educational environment for the Plaintiff.

94.     The denial of a safe educational environment resulted in a breach of contract

15

when the Plaintiff was denied a safe educational environment as described in the above paragraphs as a result of repeated bullying and harassment.

95.    The Plaintiff seeks to be compensated for his damages resulting from being subjected to bullying by the repeated use by one or more students of a written, verbal or electronic expression or a physical act or gesture or any combination thereof, directed at the Plaintiff eventually caused physical or emotional harm to the Plaintiff as he would state while at school he was sick and had to go the nurse office and then his parents were called to pick him up from school, next he would state while putting on his cloths for school that he was too sick to attend school and lastly he indicated that he could not attend school because something in the school was making him sick  and damage to the plaintiff's property and physical assaults placed the victim in reasonable fear of harm to himself or of damage to his property.  The plaintiff continues to suffer from extreme emotional distress as the result of being bullied and harassed while attending Summer Hill elementary school.   Further the Plaintiff seeks punitive damages from Principal Sheleta Crews and Assistant Principal Raymond Bowser.

## Count V
## Intentional Infliction of Emotional Distress

96.    Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1 – 95 of this complaint.

97.    The City of Richmond district officials, principal Sheleta Crews and assistant principal Raymond Bowser were aware of the bullying and harassment the Plaintiff endured at Summer Hill elementary from February of 2013 to April of 2013 but did nothing to adequately prevent the bullying and harassment resulting in the Plaintiff suffering severe emotional distress arising out of the school district on employee failure to prevent the bullying and harassment.

98.    The City of Richmond district officials, principal Sheleta Crews and assistant

principal Raymond Bowser action were (1) intentionally and/or recklessly; (2) the defendant's

conduct was extreme and outrageous; and (3) the conduct did in fact cause (4) the Plaintiff to

suffer severe emotional distress.

99.    The defendants, The City of Richmond district officials, principal Sheleta Crews

and assistant principal Raymond Bowser, conduct was "extreme and outrageous," because the

conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community."

100.    The Plaintiff alleges that the defendant's behavior was not just mean-spirited but

reflected a conscious disregard for his need to feel safe in school and be free of physical

violence, stalking, racial epithets and verbal abuse.

101. The Plaintiff alleges that  the reckless disregard for his rights as a student resulted in

Plaintiff eventually experiencing  physical or emotional harm to the point where Plaintiff would

state while at school he was sick and had to go the nurse office and then his parents were called

to pick him up from school, next he would state while putting on his cloths for school that he was

too sick to attend school and lastly he indicated that he could not attend school because

something in the school was making him sick  and damage to the plaintiff's  property and

physical assaults placed the victim in reasonable fear of harm to himself or of damage to his

property. The plaintiff continues to suffer from extreme emotional distress as the result of being

bullied and harassed while attending Summer Hill elementary school and seeks to be

compensated for the damages he suffered. The plaintiff's parents also agreed to seek counseling

to assist the Plaintiff to deal with his trauma and request compensation to pay for counseling

services. Further the Plaintiff seeks punitive damages from Principal Sheleta Crews and Assistant Principal Raymond Bowser.

102. The failure of the defendant's The City of Richmond district officials, principal Sheleta Crews and assistant principal Raymond Bowser to protect the innocent minor of the bullying and harassment taken together, were so outrageous as to be utterly intolerable in a civilized community..

## PRAYERS FOR RELEIF

**WHEREFORE**, the plaintiff, M.D., respectfully requests that the Court enters a temporary and permanent injunction enjoining the defendants as follows:

A. Requiring the defendant, the Richmond City Public Schools Board of Education to test M.D. for placement in a gift and talented program at Bellevue elementary;

B. Requiring the defendant the Richmond City Public School Board of Education to allow M.D. to remain at Bellevue Elementary as long as he remains a resident of Richmond City as it is in his best interest; before being transferred out of Summer Hill, M.D. had already attend four other public schools outside of Virginia (Community Academy Public Charter School, Pleasant Plains elementary, George Washington Elementary School and Sedgefield, Elementary Schools);

C. Requiring the defendant the Richmond City Public School Board of Education to allow M.D. only young sibling, M.T.S.D to remain at Bellevue Elementary as he is already enrolled to attend the pre-kindergarten program long as he remains a resident of Richmond City;

D. Compensation to pay for counseling services for M.D. to deal with the trauma he suffered from being bullied and harassed while attending Summer Hill elementary school;

E. Compensatory damages against the defendants , jointly and severally, in the amount of $120,000 (one hundred and twenty thousand dollars);\

F. Punitive damages against defendants Sheleta Crews and Raymond Bowser, jointly and severally, in the amount of $70,000.

G. The cost of this action, including reasonable attorney fees;

H. A jury Trial is demanded; and

I. For such other relief as justice and equity may require and the court deems appropriate.

Respectfully submitted,

Melodie V. Shuler
(as parent and next friend of M.D., a minor child)
2447 Drake Street
Richmond, VA  23234
804-

## Verification

I verify that the statements I have alleged in the Complaint are true to the best of my belief and knowledge.

Melodie V. Shuler